# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Filed January 7, 2005

No. 02-1294

HONEYWELL INTERNATIONAL, INC.,
PETITIONER

v.

ENVIRONMENTAL PROTECTION AGENCY,
RESPONDENT

ATOFINA CHEMICALS, INC.,
INTERVENOR

———

On Petition for Rehearing

———

Before: SENTELLE, RANDOLPH, and ROGERS, *Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: On reconsideration, we find it unnecessary to decide whether § 307(d)(9) of the Clean Air Act, 42 U.S.C. § 7607(d)(9), requires a court to vacate erroneous action of the Environmental Protection Agency. Even if § 307(d)(9) gives a court discretion to remand without vacating, we would vacate EPA's rule for the reasons given in Judge Randolph's concurring opinion, in which Judge Sentelle joined. *See*

*Honeywell Int'l, Inc. v. EPA*, 374 F.3d 1363, 1375 (D.C. Cir. 2004).  Subpart III of Part II of the per curiam opinion, 374 F.3d at 1373-74, is therefore withdrawn.  In all other respects, the petition for rehearing is denied.

*So ordered.*

ROGERS, *Circuit Judge*, concurring in part and dissenting in part: While the court on rehearing no longer holds that the Clean Air Act requires vacatur of the challenged rule authorizing the use of ozone-depleting chemicals, the court continues "to brush[] aside our exhaustive caselaw" on whether an erroneous rule should be remanded or vacated. *Honeywell Int'l Inc. v. EPA*, 374 F.3d 1363, 1380 (D.C. Cir. 2004) (Rogers, J., concurring in part and dissenting in part) (citing cases). Until the en banc court endorses the view expressed in Judge Randolph's concurring opinion regarding vacatur, *see id.* at 1375 (Randolph, J., concurring), binding precedent requires a remand when vacatur might be unnecessarily disruptive, *see id.* at 1379-81 (Rogers, J., concurring in part and dissenting in part). Again, the court on rehearing declines to "engage the prudential inquiry our case law requires," *id.* at 1380, ignoring that clarification by the agency may render the error harmless and that vacatur risks disruption to the regulatory scheme, including harm to the environment as a result of widespread use of ozone-depleting chemicals, *see id.* at 1379-80. Accordingly, while I concur in the withdrawal of Subpart III of Part II of the per curiam opinion, *id.* at 1373-74, which held that section 307(d)(9) of the Clean Air Act, 42 U.S.C. § 7607(d)(9) (2000), required vacatur of the challenged rule, I continue to dissent from the judgment vacating the rule, *see Honeywell*, 374 F.3d at 1381 (Rogers, J., concurring in part and dissenting in part), and I would grant rehearing.